(120 App. Div. 559)

**VEIT v. SCHLACHTER.**

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

**BROKERS—ACTION FOR COMMISSION—QUESTION FOR JURY.**

In an action by a broker for his commission, evidence examined, and *held* not to constitute such a failure on the plaintiff's part to prove his case as to warrant the granting of a nonsuit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Charles Veit against Henry Schlachter. From a judg·ment for defendant, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Joseph B. Merkert, for appellant.

John H. Steenwerth, for respondent.

MILLER, J. This is an action to recover broker's commissions. At the close of the plaintiff's case the defendant moved to dismiss the complaint, on the ground that the plaintiff had failed to prove a cause of action. The justice reserved decision, whereupon the defendant rested without offering any evidence. Subsequently the motion to dismiss was granted, and judgment of nonsuit rendered.

The plaintiff testified that he was employed by the defendant to sell the property; that he informed a Mr. and Mrs. Goepert that the property was for sale (Mr. Goepert had left his address at the plaintiff's office with the information that he desired to make such a purchase); that he introduced Mr. Goepert to the defendant; that the defendant informed the plaintiff that Mrs. Goepert had already visited the property, but promised to pay him a commission if the sale was made. Mrs. Goepert subsequently made the purchase. She was called as a witness by the plaintiff, and admitted that he told her of the property, but claimed that she already knew of it, and that she ·was not induced by the plaintiff to make the· purchase, but obtained a reduction in price because the transaction was consummated without the intervention of a broker.

The plaintiff's testimony respecting his efforts to sell the property was uncontradicted, as was also his testimony of the positive promise made by the defendant to pay the commission if a sale was made to Mrs. Goepert. It could not be said, therefore, that there was an entire failure on the plaintiff's part to prove his case, and the judgment of nonsuit was improperly granted and should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.